OPINION
Defendant-appellant, Michael E. Clark, appeals the decision of the Franklin County Court of Common Pleas imposing seven years of imprisonment upon his conviction of robbery, a second degree felony.
On August 6, 1998, the Franklin County Grand Jury indicted appellant on single counts of robbery, in violation of R.C. 2911.02; aggravated robbery, in violation of R.C. 2911.01; aggravated burglary, in violation of R.C. 2911.11; and burglary, in violation of R.C. 2911.12. The charges of aggravated robbery and aggravated burglary contained firearm specifications. All charges stemmed from the robbery of an apartment rental office.
Thereafter, a jury trial commenced and the jury found appellant guilty on all charges and specifications. The court held that the aggravated robbery charge merged with the charge of robbery, and the charge of aggravated burglary merged with the charge of burglary. Next, the trial court imposed concurrent prison terms of nine years for the offenses of aggravated robbery and aggravated burglary, and an additional term of three years imprisonment for the use of a firearm.
Appellant appealed and we vacated the guilty verdicts on the charges of aggravated robbery, aggravated burglary, and burglary. See State v. Clark (Sept. 28, 1999), Franklin App. No. 98AP-1650, unreported. As well, we vacated the firearm specifications. Id. Accordingly, we remanded this case for resentencing on the remaining robbery charge. On remand, as noted above, the trial court ordered appellant to seven years imprisonment.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED IN IMPOSING A SEVEN-YEAR TERM OF INCARCERATION ON REMAND FROM THE COURT OF APPEALS.
In his single assignment of error, appellant contends that the trial court erred when it imposed its sentence. We agree.
R.C. 2929.12(A) generally requires a trial court to consider applicable seriousness and recidivism factors outlined in R.C. 2929.12(B), (C), (D), and (E) when sentencing a felony offender. According to the Ohio Supreme Court, "[t]he Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." State v. Arnett (2000), 88 Ohio St.3d 208,215.
Nonetheless, in State v. Edmonson (1999), 86 Ohio St.3d 324, 327, the Ohio Supreme Court recognized that, in enacting the new sentencing laws, "the General Assembly approached felony sentencing by mandating a record reflecting that judges considered certain factors and presumptions to confirm that the court's decision-making process included all of the statutorily required sentencing considerations." Thus, in Arnett, the Ohio Supreme Court concluded that a trial court, which was sentencing a defendant for his conviction of pandering obscenity involving a minor, could have satisfied its duty under R.C. 2929.12 with "nothing more than a rote recitation that [it] had considered the applicable age factor of R.C. 2929.12(B)(1)." Arnett, at 215.
Here, the record fails to "evince the requisite consideration of the applicable seriousness and recidivism factors." In justifying its sentence, the trial court essentially concluded, "I just feel that that sentence is appropriate in light of the severity of the offense." Furthermore, a review of the judgment entry does not aid in evincing the trial court's considerations. See State v. Northam (Sept. 24, 1998), Franklin App. No. 98AP-184, unreported.
Moreover, the trial court's sentencing hearing record does not reflect the considerations required by R.C. 2929.12(A). When appellant appeared for resentencing, the trial court immediately announced its sentence without having asked appellant if he wished to make a statement in his own behalf or present any information in mitigation of punishment. Appellant was provided the opportunity to speak only after plaintiff-appellee, the state of Ohio, reminded the trial court of appellant's right to address the court.
Accordingly, we conclude that the trial court erred in imposing its sentence on appellant. As such, appellant's single assignment of error is sustained. The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
 ___________________ KENNEDY, J.
BRYANT, P.J., and BROWN, J., concur.